# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

|  |  |
|---|---|
| Zaid Adams, | ) C/A No. 5:12-cv-479-GRA-KDW |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| South Carolina Department of Corrections; Sgt James Heyward; Ofc Fernandez Richberg, | ) |
| Defendants. | ) |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action seeking relief pursuant to 42 U.S.C. § 1983 against the South Carolina Department of Corrections ("SCDC") and SCDC's correctional officers Sgt. Heyward and Ofc. Richberg. This matter is before the court on the Motion to Dismiss filed by Defendant SCDC on July 20, 2012. ECF No. 41. As Plaintiff is proceeding pro se, the court entered an order on July 23, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 42. Plaintiff responded to Defendant SCDC's motion on August 21, 2012, making this motion ripe for consideration. ECF No. 49. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Because this motion is dispositive, a Report and Recommendation is entered for the court's review.

I. Factual Background

Plaintiff, currently incarcerated at Allendale Correctional Institution, filed a complaint on February 21, 2012 alleging that Defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment. ECF No. 1. Specifically, Plaintiff alleges that on November 2, 2010, he had left the bathroom and was returning to a holding cell when he and Defendant Heyward got into a verbal altercation. ECF No. 1 at 3. Plaintiff contends that once he arrived at the holding cell Defendant Heyward grabbed his arm in an "aggressive manner" and Plaintiff snatched his arm away and told Defendant Heyward that "he didn't have to grab [him] in that kind of way." *Id.* at 4. Plaintiff alleges that after he pulled his arm away that Defendant Richberg grabbed Plaintiff's other arm and both Richberg and Heyward forced Plaintiff into the holding cell and proceeded to ram Plaintiff's head into the holding cell wall. *Id.* Plaintiff contends that Heyward kicked Plaintiff in the face and stomped Plaintiff's head into the floor while Richberg held the Plaintiff in place. *Id.* Plaintiff seeks a declaration that the acts and omissions described in his Complaint violated his rights under the constitution and the laws of the United States, and he also seeks money damages and costs. *Id.* at 6.

II. Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of*

*Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

   III.   Defendant SCDC's Motion to Dismiss

Defendant SCDC asserts that Plaintiff's Complaint should be dismissed against SCDC because SCDC is immune from suit under 42 U.S.C. § 1983. ECF No. 41-1 at 4. In response, Plaintiff argues that Defendants Heyward and Richberg "acted under state law which makes SCDC liable for there [sic] actions because they are the employer." ECF No. 49-1 at 13.

Plaintiff's arguments that SCDC is subject to suit under the theory of vicarious liability is misplaced. *See Ashcroft,* 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI. Defendant SCDC is an agency of the State of South Carolina and the Supreme Court has found that state agencies, divisions, departments, and officials are entitled to Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989); *see also Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). Although a State may consent to suit in a federal district court,

which serves to waive sovereign immunity, *Lapides v. Board of Regents,* 535 U.S. 613 (2002), the State of South Carolina has specifically denied consent to suit in federal district court. *See* South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-20(e). The undersigned therefore recommends that Plaintiff's claims against Defendant SCDC should be dismissed.

IV. Conclusion and Recommendation

Based on the foregoing, the undersigned recommends that Defendant SCDC's Motion to Dismiss, ECF No. 41, be GRANTED.

IT IS SO RECOMMENDED.

October 15, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**