UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Zaid Adams,<br><br>          Plaintiff,<br><br>v.<br><br>Sgt James Heyward; Ofc Fernandez Richberg,<br><br>          Defendants. | C/A No. 5:12-cv-479-GRA-KDW<br><br><br>ORDER |

    This matter is before the court[1] on Defendant Richberg's Motion for Enlargement of Time to File Response to Motion for Summary Judgment or Default Judgment filed on February 12, 2013. ECF No. 99. On February 25, 2013, Plaintiff filed a response opposing Defendant's motion and again asking the court to enter default against Defendant Richberg.[2] ECF No. 101.

    The Amended Scheduling Order for this matter, filed on August 22, 2012, set a dispositive motions deadline of October 29, 2012. ECF No. 53. Plaintiff met this deadline and filed his Motion for Summary Judgment on October 11, 2012. ECF No. 69. Neither Defendant filed a dispositive motion, however both moved for an extension of time to respond to Plaintiff's motion. ECF Nos. 74, 75. The court granted the motions for extension, and Defendants' responses were due on December 28, 2012. ECF Nos. 77, 85. Defendant Richberg was also granted additional time to file a Supplemental Answer to Plaintiff's Amended Complaint. Defendant Heyward filed his Response to Plaintiff's Motion for Summary Judgment on

---

[1] This matter was referred to the undersigned for all pretrial proceedings pursuant to the court's Local Civil Rule 73.02(B)(2)(d) and (e), D.S.C.

[2] Plaintiff filed a prior motion on January 22, 2013, seeking default against Defendant Richberg for failure to respond to Plaintiff's Motion for Summary Judgment. ECF No. 98.

November 7, 2012. ECF No. 88. Defendant Richberg timely filed his Supplemental Answer to the Amended Complaint on November 21, 2012, ECF No. 91, but did not file a response to Plaintiff's Motion for Summary Judgment.

On January 22, 2013, Plaintiff moved for Default Judgment against Defendant Richberg for his failure to respond to the Motion for Summary Judgment. ECF No. 98. Defendant Richberg moved for an enlargement of time to respond, citing his counsel's computer system crash as cause for seeking the additional response time. The motion states that "Defendant's counsel had a complete computer system crash on Friday, December 21, 2012, in which the office lost documents, emails and calendaring system back through August 2012." ECF No. 99 at 1. Defendant Richberg also seeks 60 days to file his dispositive motions. The court is not unsympathetic to the issues that may arise when one experiences a computer system crash. However, as the dispositive motions deadline was well before counsel's computer system crash, the court declines to extend the deadline for filing dispositive motions.

The issue regarding Defendant Richberg's failure to respond to Plaintiff's Motion for Summary Judgment is addressed in Rule 56 of the Federal Rules of Civil Procedure. Rule 56(e) provides that:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

"[T]he language of Rule 56(e) does not mean that a moving party is automatically entitled to summary judgment if the opposing party does not [properly] respond." *Baez v. Connelly*, No. 10-399-ML, 2012 WL 4062796, at *3 (D.R.I. Sept. 14, 2012).  As the commentary to the federal rules explains, "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion . . . ." Fed. R. Civ. P. 56(e) (advisory comm. note to 2010 amendment).  Having reviewed the filings and arguments of the parties, the court finds that Defendant Richberg has presented good cause for his failure to respond to Plaintiff's Motion for Summary Judgment.[3]  However, the court does not find that Defendant Richberg is entitled to 30 days to file his response.  At the time of counsel's computer system crash there remained seven days before the response deadline. Accordingly, the court *grants* in part and *denies* in part Defendant Richberg's Motion for Enlargement, ECF No. 99.  Defendant Richberg is granted seven days from the entry of this Order to file a response to Plaintiff's Motion for Summary Judgment. The court denies Defendant Richberg's request for extension of the dispositive motions deadline. The court *denies* Plaintiff's Motions for Default Judgment, ECF Nos. 98, 102.

      IT IS SO ORDERED.

February 28, 2013                                             Kaymani D. West
Florence, South Carolina                       United States Magistrate Judge

---

[3] The undersigned is disturbed by Defendant Richberg's delay in seeking an extension to respond, but attributes the delay to counsel's computer issues.